
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ARTHUR JOYAL BARKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0041 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

On February 3, 2009,[1] petitioner, ARTHUR JOYAL BARKER, a state prisoner currently confined in the Eastham Unit in Houston County, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is confined pursuant to a March 1, 2005 conviction out of Dallas County for the offense of aggravated robbery and the resultant eighty-year sentence. Barker bases the instant petition on an April 7, 1994 conviction out of Potter County for tampering with an identification number and the resultant eight-year sentence, which, by its terms, was discharged on April 7, 2003. Because this Court is without jurisdiction to hear this claim, the undersigned recommends Barker's petition be DISMISSED.

### I.
### PETITIONER'S ALLEGATIONS

In his petition and supporting memorandum, petitioner alleges the 1994 conviction for

---

[1] Even though the petition was received and file marked by this Court on February 6, 2009, petitioner's petition is deemed filed on February 3, 2009, which is the date he delivered the petition to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

tampering with an identification number was unlawful because:

1. Petitioner is actually innocent.

2. The indictment was void because it charged petitioner with a Class A Misdemeanor, which was illegally enhanced to a third-degree felony.

3. The sentence was illegally enhanced. Petitioner asserts tampering with an identification number can only be classified as a class A misdemeanor punishable by (1) a fine not to exceed $4,000, (2) confinement for not more than one year or less than ninety days, or (3) both a fine and confinement. Petitioner contends the trial court erred by enhancing the offense to a third-degree felony and sentencing him to eight year's incarceration

4. Ineffective assistance of counsel. Petitioner contends his trial counsel did not inform him of a plea bargain and did not explain to him the possibility of enhancement. Petitioner avers he pleaded guilty to avoid jail time and would not have pleaded guilty had he known the punishment could possibly be enhanced to include jail time.

## II.
## JURISDICTION OVER A DISCHARGED CONVICTION

The habeas corpus statute gives this Court jurisdiction to hear habeas corpus claims only from persons who are "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 29 U.S.C. § 2254(a). The Supreme Court has interpreted this "in custody" language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 499, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989). This is a requirement even if the conviction that has already expired continues to adversely impact the petitioner, i.e., is used to enhance later sentences. *See id.* at 492, 109 S. Ct. at 1926. The Supreme Court has more recently reiterated this point:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available . . . the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Attorney v. Cross*, 532 U.S. 394, 403-04, 121 S. Ct. 1567, 1574, 149 L. Ed. 2d 608 (2001).

The Fifth Circuit has apparently established an exception to this general rule. *See Willis v. Collins*, 989 F.2d 187, 189 (5th Cir. 1993). *But see Hendrix v. Lynaugh*, 888 F.2d 336, 337-38 (5th Cir. 1989) (holding federal district courts do not have jurisdiction to entertain a habeas corpus petition based on an extinguished conviction even though the conviction may adversely impact the petitioner in future cases). In *Willis*, the Fifth Circuit held "a positive and demonstrable nexus between a petitioner's current custody and the allegedly unconstitutional prior conviction, may be sufficient to meet the jurisdictional requirements of [section] 2254(a)." *Id.* (internal quotations omitted). The petitioner must, however, allege and prove this nexus. *Id.*

In the instant case, the petitioner is directly challenging a conviction that has already been served and is now discharged. Under *Maleng* and *Lackawanna*, therefore, this Court does not have the jurisdiction to entertain the merits of petitioner's habeas claims based upon the extinguished claim. *See Lackawanna County Dist. Attorney*, 532 U.S. at 403-04, 121 S. Ct. at 1574*; Maleng*, 490 U.S. at 490-91, 109 S. Ct. at 1925. Petitioner does not qualify for any exception to this general rule, as established in *Willis,* because he never attempts to present a "positive and demonstrable nexus" between the sentence he is currently serving and the prior conviction. *See Willis*, 989 F.2d at 189. Therefore, petitioner has not met the requirements of the exception to challenging a sentence that has already expired, and this Court remains without jurisdiction to entertain petitioner's claims.

### III.
### TIME LIMITATIONS

Even if this Court had jurisdiction to evaluate petitioner's habeas corpus claim, it would find that any claims would be time barred. Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

His claim is therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). Those provisions are as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Even though petitioner's judgment became final April 7, 1994, before the effective date of the AEDPA, the Fifth Circuit has held that the AEDPA's time limitations retroactively apply. *See Fisher*, 174 F.3d at 712. Under the retroactive application of the AEDPA, a prisoner whose conviction became final before AEDPA's effective date had one year after the passage of the AEDPA to file a habeas claim in federal court challenging that conviction. *Id.* (citing *Flanagan v. Johnson*, 154 F.3d 196, 200 n. 2 (5th Cir. 1998)). This time period can be tolled, however, if any properly filed state post-conviction proceedings are pending. *Id.*

According to the Court of Criminal Appeals's website, petitioner did not file any post-conviction proceeding relating to the Potter County conviction until August 2007. Because tolling is inapplicable, petitioner would have had to file his section 2254 petition on or before April 24,

1997. *See id.* This case is petitioner's first habeas corpus action based on the Potter County conviction,[2] and it was filed with this Court in February 2009, more than ten years after its deadline. Accordingly, were this Court to have jurisdiction to entertain Barker's habeas corpus petition, it would find such to be time barred.

## IV.
## RECOMMENDATION

This Court does not have jurisdiction to hear this case, and even if it did, it would find the case time barred. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner ARTHUR JOYAL BARKER be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of February 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner has filed two other habeas corpus cases, both of which were unsuccessful. The prior habeas corpus pleadings contested two different convictions out of Dallas County. *See In re Barker*, cause number 3:2008-CV-750, filed May 1, 2008; *In re Barker*, cause number 3:2007-CV-1321, filed July 27, 2007. Because different convictions than the one underlying the instant petition were challenged, this petition is not successive. *See* 28 U.S.C. § 2244(b).

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).